HEARD APRIL TERM, 1879.

CASE No. 779.

W. T. CRIBB ET AL. v. MARY ROGERS ET AL.

1. A deed of land to A in consideration of "love, good-will and natural affection," reserving to grantor "the use of said lands during my natural life only," *habendum* to A, her heirs and assigns forever, conveys the fee to A *in præsenti*, charged with a life-estate in favor of the grantor. Cases cited, and *Dinkins* v. *Samuel*, 10 *Rich.* 66, limited.
2. A fee may be granted with a reservation of the usufruct to grantor for life.

Before WALLACE, J., Marion, April, 1879.

Action for recovery of a tract of land. At the trial the Circuit judge permitted defendants to introduce testimony to show a valuable consideration. Margaret Lewis, mentioned in the deed, and one of the defendants herein, was a step-daughter of grantor, and Mary Rogers was her tenant. Verdict for defendants.

The character of the claim and the terms of the deed under which defendants held are fully stated in the opinion of the court.

*Messrs. Harllee & Montgomery*, for appellants, cited 10 *Rich.* 66; 4 *McC.* 14; 4 *Kent.* 5; 2 *Black. Com.* 104; *Wms. on Real Prop.* 55, 155–6; *Gen. Stat.* 427, § 8.

*Mr. J. G. Blue*, for respondent, cited 1 *Mills* 148; 10 *Rich.* 66; 2 *Strob. Eq.* 376; 3 *Strob.* 21.

December 17th, 1879. The opinion of the court was delivered by

WILLARD, C. J. The plaintiffs claim as heirs-at-law of D. Cribb, and the defendants under the following deed of lands: " I, Dempsey Cribb, of the county and state aforesaid, for and in consideration of the love, good-will and natural affection which I have and bear to Margaret Lewis, have given, granted and conveyed, and by these presents do give, grant, release, convey and deliver to the said Margaret Lewis, a certain tract, piece or parcel of land, containing four hundred and sixty-seven acres, more or less, reserving for myself the use of said lands during my natural life only, said lands being situated," &c. Then follows the description of the lands conveyed " to the said Margaret Lewis, her heirs and assigns forever." The deed concludes with a general covenant of warranty, and was duly executed and attested. ·

The only question affecting the validity and operation of the deed, as sufficient to pass a fee in the lands conveyed, arises out of the words, " reserving for myself the use of said lands during my natural life only." The fact that the usufruct is separated from the fee is not inconsistent with the vesting of the fee. The grantor may convey the fee to one and the usufruct to another; hence the reservation of the usufruct to himself violates no rule governing the vesting of the fee. The grantee takes the fee, burdened with a use in favor of the grantor for his natural life.

It has been argued that under the operation of the statute of uses the fee was, at the moment of its creation, thrown upon the grantor by the execution of its uses, and thus the deed rendered ineffectual. The statute of uses could not operate *until* there was such a title in the grantee, as the deed was intended to vest, and this was a fee. The only effect of the statute would, assuming its operation, be to cast upon the grantor an estate commensurate with the uses created by the deed, and that would be a life-estate, leaving a remainder in fee vested in the grantee, which would owe its existence as such, not to the deed, but to the operation of the statute. The rules of the common law, as it regards the support required for a remainder, are, therefore, inapplicable, for the deed does not create a remainder as such.

The statute cannot operate to defeat the deed, for it was not intended to have such effect, but only to effectuate its purposes by raising estates competent to give the fullest support to its uses.

*Jenkins* v. *Jenkins*, 1 *Mills C. R.* 48. That case fully sustains the conclusions just stated. The same conclusions were reached in *Sunday* v. *Boon* (MS.), cited in *Jaggers* v. *Estes*, 2 *Strob. Eq.* 376.

*Singleton* v. *Bremar*, 4 *McC.* 15. The present interest was conveyed by the deed in that case, as it was to take effect only upon the death of the grantor. It is contrary to the nature of a deed that it should commence to operate as such at a time subsequent to its delivery ; on the contrary, it must take effect, if at all, from the moment of delivery to operate as a deed, though in certain cases it may be upheld as a covenant to stand seized to the use of the grantee.

*Dinkins* v. *Samuel*, 10 *Rich.* 66. The principal question actually passed upon by the court was, whether such a relationship subsisted between the parties to the deed as could support the deed as a covenant to stand seized upon the consideration of *natural love and affection*. The conclusion that the deed in that case could not operate as a conveyance of a present interest probably arose from the terms of the *habendum* clause, and appears to have been reached without any particular consideration of the terms of the deed. As no reference is made to *Jenkins* v. *Jenkins*, it is fair to conclude that the view presented by this case was not pressed upon the court. Certainly no intention to overrule that case can be assumed, as it is not expressed, and it may reasonably be assumed that some attempt would have been made to distinguish that case from *Jenkins* v. *Jenkins* if the question in all its bearings was in the mind of the court. Judge Withers should then be understood, when, speaking of the absence of a substantial valuable consideration, he says : " It is, therefore, not a deed of bargain and sale ; it is not a conveyance by lease and release, nor a deed of feoffment. The only question is, whether it can operate by way of covenant to stand seized to uses," as intending only that there was no such valuable consideration as would be competent to raise a use that would support the deed

as a covenant to stand seized, where it was, for other reasons, confessedly inoperative as a deed. It is enough to show the correctness of this interpretation that the deed in that case did express a nominal pecuniary consideration, in addition to *natural love and affection*, showing that he was solely considering the operation of the deed as a covenant to stand seized.

It appears, then, that a present interest passed under the deed, and it becomes unnecessary to consider the other questions discussed, as they relate to the proofs to which resort may be had to support the deed as a covenant to stand seized. Misdirections as to such immaterial issue could not have affected the verdict of the jury who sustained the defendant's title.

The appeal should be dismissed and the judgment affirmed.

*Appeal dismissed.*

McIVER, A. J., concurred.