CASE No. 1102.

ELLEN v. ELLEN.

1. The failure of the Circuit judge to charge the jury more strongly than in the language of the request, cannot be assigned as error.

2. A party in possession of land under an adverse claim, conveyed to his son in fee, before ten years had expired, reserving to himself, by the deed, the use for life, and continued in possession until his death, thus completing a ten years' possession. *Held*, that until an adverse claim has continued for ten years, it does not ripen into a right, and, therefore, the deed of such claimant, within that time, could convey no title.

3. Nor could such a deed be sustained as a covenant to stand seised to uses.

4. The question involved being adverse possession by plaintiff's grantor, the trial judge restricted the plaintiff to proof of his grantor's *acts* of ownership, excluding all declarations as far as possible; but in reply to full proof by defendant of the grantor's admissions of permissive possession, plaintiff was permitted to prove the grantor's declarations accompanying his occupancy, to show adverse claim. *Held*, that there was no error in these rulings.

5. Tax receipts, as evidence of payment of taxes, are admissible to show a claim of ownership, but they do not sustain such claim, where it is shown that the taxes were paid under a contract with the real owner.

Before HUDSON, J., Marion, April, 1880.

Action commenced in September, 1879, by John H. Ellen, by Caroline M. Ellen, his guardian *ad litem*, against William B. Ellen, for the recovery of land. Verdict being for plaintiff, defendant moved for a new trial upon the same grounds, substantially, as were taken in his exceptions to the order of the Circuit judge overruling the motion. This order clearly states the case, and was as follows:

This was an action by John H. Ellen, the youngest son and only child of David Ellen by a second wife, against an elder half-brother, a son by the first wife, to recover the possession of a tract of about one hundred acres of land, of which the plaintiff had been ousted by the defendant, and forcibly kept out.

David Ellen died at an advanced age in 1876, being about ninety years old.

The contest was a very bitter family quarrel, and gave rise to much testimony and a very animated contest in court. The land papers of old man David Ellen, as well as of W. B. Ellen, were lost and destroyed during the war by being carelessly buried during the passage of Gen. Sherman's forces through the country. Having not been recorded, much testimony was introduced to prove the existence and contents of deeds, and still more concerning the character of the very long possession of David Ellen of the territory in dispute—a fact which was conceded on both sides; the question being not as to the fact of his possession, but as to its character.

The plaintiff derived his title immediately from David Ellen, by deed, in 1871, in which the old man reserved a life-estate in the land to himself, and continued in possession up to his death, in 1876. This deed, coupled with possession of the land by his father for a period of about forty years anterior thereto, constituted the plaintiff's title. The defendant relied on an old grant to one Hyatt, a deed from Hyatt to Robert McKenzie, Sr., an alleged deed from said McKenzie to Zimri Ellen, which could not be produced, as it was alleged to be lost and had never been recorded, and the record copy of a deed from Z. Ellen to the defendant.

After a very tedious trial, lasting several days, and a very full argument of the case, the jury found a verdict for the plaintiff.

This motion is to set aside the verdict, and for a new trial upon the specified grounds.

The first ground rests in the misapprehension of counsel. I distinctly charged the jury that the existence of the alleged deed from R. McKenzie, Sr., to Zimri Ellen might be inferred by them from the testimony of Zimri Ellen, William B. Ellen, *and* the declarations of old man David Ellen; and it is a mistake in counsel when they say that the declarations of the old man, as testified to by witnesses, were withheld by me from the jury in my charge. These declarations were allowed to go to the jury as evidence against the plaintiff, his grantee.

2. Upon the second exception I have to remark, that I did instruct the jury, that if they believed from the testimony that the old man Ellen did hold, occupy and possess the land adversely to the defendant and the world, from 1865 to 1876, that a title would accrue to him as against the defendant, notwithstanding the fact that he, in 1871, made a deed of the land to the plaintiff, in which he reserved to himself a life-estate. That until the death of his father, in 1876, the plaintiff had neither the possession nor right of possession, but the undisputed continuance of the old man's possession until his death inured to the benefit of his title against the defendant, and to the remainderman would pass a title thus perfected, however imperfect it might have been in 1871.

In this I do not think there was error. The conveyance of itself could not break the possession unless the life-tenant had surrendered to the remainderman; so long as he held possession adversely, still owning the life-estate, the possession would be for the benefit of *that* estate, and was still the old man's adverse possession (if the evidence showed it to be adverse); and the character of the possession was strictly left to the jury to determine.

3. On the main question in the case, to wit, the character of old man Ellen's possession, there was great conflict of testimony, and it was left to the jury to determine its weight and preponderance. On this question the battle was chiefly fought, and the the jury having decided it in favor of the adverse possession of David Ellen, I do not think I should disturb the verdict.

4. The fourth exception questions the competency of declarations of David Ellen, deceased, as to the character of his possession, and his claim of title.

There was an earnest contest over the testimony on this point, and a strenuous effort on the part of the court to confine the contestants to the rule governing such evidence. In the evidence in chief for the plaintiff, he was confined to proof of *acts* of ownership alone; but frequently in bringing out this testimony, witnesses did, before they could be stopped, repeat declarations of David Ellen, accompanying his acts of ownership and posses-

sion, amounting to a claim of the land.    But the rule confining him to the naked acts of ownership without declarations was followed by him and enforced by the court as rigidly as possible.

The defendant, in developing his case, was given the unrestrained privilege of introducing against the plaintiff the declarations of David Ellen, while in possession, to qualify that possession, and to show it to be permissive and not adverse to the defendant.    These ran through a long series of years, just as did the acts of ownership established by the plaintiff.    When the plaintiff came to reply to this testimony, he was allowed to do so by additional proof of adverse possession, and assertions of title and claim of title accompanying and attending these acts of ownership, and during his actual possession, to show the same to be adverse to defendant and all others.

It is difficult to conceive how the character of a man's possession of land, whether in his own right or in right of another, whether adverse or permissive, could ever be proved unless it be by his acts and words accompanying such acts while in possession and occupancy.    As explanatory of that possession, we think, as part of the *res gestæ*, they are as admissible for, as well as against, one claiming under and through the alleged adverse possession. Especially should such be admissible for the claimant in reply to alleged declarations of permissive possession; and it was only when the plaintiff came to *reply* that he was allowed to prove the declarations of David Ellen, accompanying possession and occupancy going to show it to be adverse and not permissive.

5. This ground is likewise based on a misapprehension.    I allowed the plaintiff to prove that his father always, during his long possession, paid the taxes on the land, and for this purpose did allow tax receipts to be given in evidence of the fact of *payment* of taxes.    On this point I told the jury that payment of taxes on land by one in possession was not evidence of title, but was a circumstance going to show a claim of ownership, but that it would amount to nothing if it were proved to have been done under contract with the real owner.

The first testimony, according to my recollection, as to payment of taxes by D. Ellen, came out (perhaps on cross-examination) while the defendant's witnesses were being examined.

Upon mature consideration, I am constrained to deny the motion for a new trial on all the grounds, and the same is dismissed with costs.

Plaintiff deed of August 18th, 1871, was as follows:

Know all men by these presents, that I, David Ellen, of the county and State aforesaid, for and in consideration of the natural love and affection which I have and bear for my son, John Henry Ellen, have given and granted, and by these presents do give and grant unto my said son, John Henry Ellen, all my real estate as well as personal. The personal consisting of  *  *  * The real consisting of a tract or parcel of land in said county containing two hundred acres more or less, on which I reside, bounded by lands of  *  *  * Together with all and singular the rights, members, hereditaments and appurtenances thereunto appertaining or in anywise incident; to have and to hold all and singular the said premises to the said John H. Ellen, his heirs and assigns forever. Nevertheless reserving to myself the use and occupation of the above-named premises and personal property during the term of my natural life.

In witness whereof, &c.

The case was brought to this court on five exceptions to the judge's rulings, and refusal to grant a new trial. The first two are stated in the opinion; the others were as follows:

3. The defendant excepts to the rulings of his Honor, the presiding judge, as to the fact of there being a *conflict* of testimony, whereas it is submitted that there was none, the witnesses for the plaintiff speaking of declarations of David Ellen at one time, and those for defendant of declarations at other times, and no one witness contradicted the other on these points; and it is insisted that the declarations of one in possession against his interest cannot be contradicted or rebutted by declarations at another time, and hence the weight of competent evidence was all on one side, and such declarations being objected to, were incompetent, and should have been ruled out by his Honor.

4. The defendant further excepts to the ruling of his Honor in admitting the declarations of David Ellen, under whom plaintiff claims, under objections as to their competency, especially those testified to as to the exchange of land with Z. Ellen,

in the testimony of plaintiff in reply, as the same were not strictly in reply to defendant's evidence, and were inadmissible.

5. And for a further exception and ground, that his Honor admitted the statement of the county auditor to prove the payment of taxes by David Ellen on the lands in dispute, when the same was objected to as incompetent, and when the same was not evidence of title or admissible in evidence as proof of title or adverse possession.

The cause was heard in this court on December 17th, 1880. The court ordered a re-argument, which was heard May 5th, 1881.

*Messrs. Johnson & Johnson,* for appellants.

Both parties claim under Z. M. Ellen. Declarations of David Ellen were improperly introduced by plaintiff. 3 *McC.* 226, 227 in notes; 4 *Id.* 262; 9 *Rich.* 454; 15 *Johns.* 324; *Bailey Eq.* 492; 2 *N. & McC.* 596; 2 *Bailey* 461; 2 *Rich.* 176; 1 *Spears* 167; *Dudley* 178; 1 *Greenl. Evid.*, § 109. The cases relied upon by respondent are exceptions to the general rule, and confined to questions of gift. *Harp.* 374; 1 *Bailey* 113; 6 *Rich.* 308; 1 *Hill Ch.* 13. Ten years' adverse possession gives no presumption of title; it only bars an action. 2 *Stat.* 584; 2 *Bay* 429; 2 *Rich.* 21; *Cheves Eq.* 57; 2 *Hill* 491; *Cheves* 200; 3 *McC.* 264. The deed is not a covenant to stand seised to uses. 12 *S. C.* 564; 1 *Mill Con. R.* 48; 3 *Strobh.* 24, 62; 5 *Rich.* 189; 2 *Strobh. Eq.* 373, 376; 1 *Rich.* 161, 170. If a covenant to stand seised to uses—to what uses? Only of such as he had at the time, not of after-acquired interests. 5 *Rich.* 7; 1 *Hill* 111. There is no legal estate reserved to the grantor, only a right to use and occupy.

*Mr. W. W. Harllee,* on same side.

*Messrs. C. P. Townsend* and *W. W. Sellers,* contra.

Admissions of David Ellen were properly submitted to the jury. 1 *Greenl. Evid.* 27, 201–209; 8 *Rich.* 401; 13 *Johns.*

74; 3 *Strobh.* 501; 2 *Mill Con. R.* 80; 1 *Bay* 30; 1 *McM.* 447; 1 *Hill* 223. His declarations were good evidence in reply. 1 *Greenl. Evid.* 109, 110; 2 *Hill* 488; 2 *Strobh.* 143; 4 *McC.* 262; 2 *Spears* 610; 2 *McC.* 161; 3 *Id.* 222. The tax receipts were admissible in evidence. *Dudley* 178; 2 *Hill* 488. Ten years' adverse possession makes a good title. 1 *Bay* 375; 2 *Id.* 339, 474, 491; 1 *N. & McC.* 374; 1 *Mill Con. R.* 85; *Rice* 12; 2 *Brev.* 151, 155; 2 *Hill* 492; 2 *Mill Con. R.* 80; 6 *Rich.* 65; 9 *Johns.* 180; 18 *Id.* 42; *Cheves* 200. The deed is a covenant to stand seised to uses. 1 *Rich.* 161, 173; 4 *McC.* 201; 4 *Desaus.* 617; 14 *Rich. Eq.* 275. It was clearly David's intention to reserve to himself a life-estate. Whatever the construction of the deed, plaintiff's title is good. 3 *McC.* 411; *Dudley* 23; 2 *Hill* 442; 5 *Rich.* 8; 3 *Houst.* 369; 9 *R. I.* 528.

October 17th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. This was an action to recover possession of a tract of land. The plaintiff, respondent, claimed through a deed from his father, David Ellen, executed in 1871, alleging that his father had been in the adverse possession of the land over ten years.

The appellant claimed by deed dated March 12th, 1861, from Zimri Ellen, a son of David, who, it was alleged, had received title from one Robert McKenzie, who derived title in 1804 from Israel Hyatt, a grantee of the State. The deed from Robert McKenzie to Zimri Ellen was not produced on the trial, having been lost during the passage of Sherman's army through the State, which involved the destruction of not only much valuable property, but the loss of many valuable papers. It was alleged, however, that David Ellen, through whom plaintiff claimed, during all the time that he was in possession, held possession subordinate to this deed, and in full recognition thereof. Consequently, appellant contends that the claim of respondent, through David Ellen on account of his supposed adverse possession, has no foundation.

The verdict was for the respondent, plaintiff. The appellant,

defendant, appeals, assigning error in the charge of the judge, as appears in the following grounds :

*First.* He excepts to the charge, because the judge did not instruct the jury "that as to the deed of Robert McKenzie to Zimri Ellen, the admissions of David Ellen, under whom respondent claimed, were conclusive against him, not only as to its existence, but as to its contents."

The presiding judge, in his order refusing the motion for a new trial, uses the following language in reference to this ground :

"The first ground rests in a mistake of counsel. I distinctly charged the jury that the existence of the alleged deed from Robert McKenzie to Zimri Ellen might be inferred by them from the testimony of Zimri Ellen, William B. Ellen, and of the old man Ellen, and it is a mistake of counsel when they say that the declarations of the old man, as testified to by witnesses, were withheld from the jury in my charge. These declarations were allowed to go to the jury as evidence against the plaintiff, his grantee."

It seems, then, that the judge did charge in accordance with the substance of this exception. He permitted the declarations of old man David Ellen, in reference to the deed, to go to the jury without restriction, and charged them that the alleged deed might be inferred from these declarations as well as from other testimony. If the appellant had desired that the effect of these declarations should have been more strongly put to the jury than was stated by the judge, he should have so requested, but, failing to do so, the omission of the judge to impress and intensify this point cannot now be assigned as error of law and be made a ground of appeal. *Madsden* v. *Phœnix Ins. Co.*, 1 *S. C.* 24; *Abrahams* v. *Kelly & Barrett*, 2 *S. C.* 238.

The deed under which respondent claimed was executed in 1871, which, under our view of the case, was some four years before the statutory period of the adverse possession of David Ellen had expired. Upon this subject the judge instructed the jury : "That if they believed from the testimony that old man Ellen did hold, occupy and possess the land adversely to the defendant and the world from 1865 to 1876, that a title would

accrue to him as against the defendant, notwithstanding the fact that he, in 1871, made a deed of the land to the plaintiff, in which he reserved to himself a life-estate. That until the death of his father, in 1876, the plaintiff had neither the possession nor the right to possession, but the undisputed continuance of the old man's possession until his death inured to the benefit of his title against the defendant, and to the remainderman would pass a title thus perfected, however imperfect it might have been in 1871."

To this appellant excepted as follows: "Because the judge charged the jury that if David Ellen held the land adversely from December 8th, 1865, till June, 1876, when he died, that this adverse possession would give title to the land, notwithstanding he had conveyed the said land to the plaintiff in 1871." This presents an interesting question—one which involves the discussion of the theory of title to land when resting simply upon adverse possession as a foundation.

In this case, as it has been already stated, David Ellen, some four years before the statutory period of adverse possession— ten years—had expired, conveyed the land in dispute to the plaintiff, still holding possession, however, under the terms of his deed, until the ten years had expired, when he died.

Now the question is: Did his deed to plaintiff, under these circumstances, operate as a good conveyance, which entitles him to recover in this action? or, having been executed before the expiration of the ten years, did it convey any interest whatever, although he continued to hold adversely until the full statutory period ran out? The solution of this question will depend upon the further question: Does adverse possession give or create title which, by operation of law, is conferred upon a trespasser at the end of ten years? or is adverse possession for ten years simply the evidence of a title which the law presumes the party in possession of when he first entered?

There is no doubt that title to land growing out of long-continued possession—long enough to presume a grant, deed or other muniment of title—attaches at the beginning of possession on the presumption of law that a deed was executed at that time which has since been lost. *Wadsworthville Poor School* v.

*McCully,* 11 *Rich.* 426 ; 1 *Greenl. Evid.* 23, § 17. So, too, as to those rights which arise by prescription. The law presumes a grant or deed in favor of the party claiming the right when he first began to enjoy it. 2 *Greenl. Evid.* 992.

Now, does the title, by adverse possession, rest upon this doctrine? If so, the deed of David Ellen to the plaintiff, although executed before the statutory period of ten years expired, would be a good deed ; his continuing to hold for the ten years affording the evidence that when he entered he entered with title, which had subsequently been lost. I was disposed at first to take this view of the subject, and to believe that this doctrine applied as well to adverse possession as to titles arising by presumption of grant or prescription. This seemed to me to be most philosophic and more in harmony with the rights of the parties in such cases than any other ; but upon the re-argument of this case, when special attention was directed to this point, it seems clear, upon the authority of the decided cases in this State, that the true doctrine is the other way. According to these decisions, an adverse possessor is a trespasser from the beginning to the end. His possession begins in trespass, and so continues until it ripens into a right at the end of the statutory period of ten years. During this time he has nothing that he can convey ; nor can his possession be tacked with that of his grantee so as to defeat the title of the true owner.

He who claims under the presumption of a grant, it is true, is entitled to stand on the same ground as if he produced the grant. Such a case, however, is wholly unlike a title under the Statute of Limitations. *McLeod* v. *Rogers & Gardner,* 2 *Rich.* 21 ; see, also, *King* v. *Smith, Rice* 12 ; *Williams* v. *McAliley, Cheves* 200. The Statute of Limitations does not rest upon the presumption of a previous deed. It simply operates as a bar to the plaintiff's action ; and, as a general rule, no one can interpose this bar except such as may have held for the period prescribed by the statute. Under the authorities settling this doctrine, in the opinion of the court, David Ellen's deed to plaintiff having been executed before the statutory period expired, and before his trespass had ripened into a right, conveyed

no title. The second exception of appellant is, therefore, sustained.

Neither is there any ground to hold that this deed can stand as a covenant to stand seized. In the first place, as we have just seen, David Ellen had no title himself at the time he executed this deed. He was not seized, and, if he had been, his deed conveyed the fee to his grantee at the moment of its execution, reserving only a usufruct to himself for life, which would negative the idea of a covenant to stand seized. *Cripp* v. *Rogers*, 12 *S. C.* 564; *Jenkins* v. *Jenkins*, 1 *Mill Con. R.* 48; see, also, *Singleton* v. *Bremar*, 4 *McC.* 15.

The third and fourth exceptions question the competency of certain declarations of David Ellen while he was in possession, sustaining his title to the land. It is a general rule that declarations of persons in possession of land explanatory of the character of their possession will be admitted when in disparagement of their title as original evidence; and Mr. Greenleaf says: "That there can be no reason why every declaration accompanying the act of possession, whether in disparagement of the claimant's title or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestæ*, leaving its effect to be governed by other rules of evidence." 1 *Greenl. Evid.*, § 109.

In *Turpin* v. *Brannon*, 3 *McC.* 261, such declarations were admitted. In *Martin* v. *Simpson*, 4 *McC.* 262, a case of trespass to try title, such declarations were admitted on the ground that the character of every act must be determined by the circumstances attending it. The words and actions of the actor constitute a part of the thing done, and is necessary to its explanation, said the court. The same doctrine is held in several other cases in our own State not necessary now to be referred to.

The presiding judge below says that the plaintiff was confined to proof of acts of ownership; but, frequently, in bringing out the testimony, witnesses did, before they could be stopped, repeat declarations of David Ellen accompanying his acts of ownership and possession amounting to a claim of the land. But the rule of confining him to the naked acts of ownership, without declarations, was followed by him and enforced by the court as rigidly

as possible. We see no error as to the rulings of the judge in this respect.

There seems to be some misapprehension as to the fifth exception. The plaintiff, respondent, was allowed to prove that his father paid taxes, and the tax receipts were admitted, but the judge says: " That he explained to the jury that these were admitted as circumstances going to show claim of ownership which would, however, amount to nothing if it were proved to have been done under contract with the real owner." Under these circumstances we do not see that the judge erred in his rulings as to this matter.

Although we have sustained the presiding judge as to several of the exceptions of the appellant, yet one of the main grounds involved in the case, and that upon which the verdict, no doubt, in a great measure turned, is that presented in the second exception. In this we think the judge was in error, and this will necessitate a reversal of the judgment below.

It is, therefore, the judgment of this court that the judgment of the Circuit Court be reversed and the case be remanded.

McIVER and McGOWAN, A. J.'s, concurred.