HUCKABEE v. NEWTON.

1. In actions affecting the fee in real estate, where the legal title is in a trustee, he is a necessary party to the action, or, if he be dead, his heirs.
2. Under a deed to a trustee, his heirs and assigns, to permit L. to enjoy the land for her life without rent, and at her death to convey the same to her children then living, and to the children of such as were dead, the remainder was contingent, and the trust was not executed on the death of L.; and in action for partition, the trustee being dead, his heir was a necessary party.
3. In demurrer for defect of parties, the objection to the complaint must be so indicated as to enable the plaintiff to make the proper amendment, but it is not necessary to give the names of those who should be joined.

Before WITHERSPOON, J., Marlboro, September, 1884.

The opinion states the case. The order of the Circuit Judge, omitting its statement, was as follows:

The defendants, William T. Newton, his wife, Mary Newton, and Rebecca Wright, demur to the complaint on five grounds. The first and second grounds of demurrer allege a defect in parties in the omission of the names of certain persons. I find that nearly all of the persons named and alleged to have been omitted are embraced in the body of the complaint. Exception for want of proper parties can only be taken by demurrer when the omission appears on the face of the pleadings. *Clark* v. *Tompkins*, 1 *S. C.*, 124. Where the omission does not appear upon the face of the complaint, the objection may be taken by answer. *Code*, § 168. The first and second grounds of demurrer must be overruled, as the defect of parties does not appear on the face of the complaint.

The third ground of demurrer is based upon the plaintiffs' omission to make —— Pankey, the eldest son of Stephen Pankey, the deceased trustee, a party. Is he a necessary or proper party? This will depend upon whether or not the titles to the land vested in the *cestui que trust* upon the death of the said Lucy Covington. The complaint alleges that Lucy Covington conveyed the land by deed to the trustee, Pankey, in trust that he would con-

vey the same at her death to her children and grandchildren surviving her. Is this a passive trust when the title passes directly through the trustee to the *cestui que trust?* In *Bristow* v. *McCall* (16 *S. C.*, 548), the court say the statute of uses never executes the use while there is anything for the trustee to do necessary to the accomplishment of the trust created by the deed; when the trustee is charged with the performance of some duty in connection with the property which cannot· be performed except by the authority of the legal title vested in him, the statute has no application. In *Harley* v. *Platts* (6 *Rich.*, 315), it is stated that whenever any act is to be done by the trustee, as to convey, it is a trust, and not a use executed. The parties to this action do not claim as heirs at law, but through the deed to the trustee, Pankey. The complaint alleges that Pankey, the trustee, is dead. He either left an elder son or heirs, who should be made parties to this action. The third ground of demurrer must be sustained.

I do not see how the fourth ground of demurrer can be sustained. It refers to plaintiffs' omission to state whether or not plaintiffs and defendants have or own other lands in common. The rule of court provides that where infants are concerned, the complaint should contain such statement. It does not appear from the complaint that any of the parties to this action are infants. Even if it did so appear, I think plaintiffs should be allowed to amend. The fourth ground of demurrer must be overruled.

The fifth and last ground of demurrer alleges that the complaint does not state facts sufficient to constitute a cause of action. This ground of demurrer must also be overruled. The form of plaintiffs' complaint is objectionable, inasmuch as the names of parties, plaintiffs and defendants, are not set forth in the title. However, the requirements of the code will be satisfied if (as in this case) the names are intelligibly given in the body of the complaint. See 2 *Wait Prac.*, 370.

It is therefore ordered and adjudged, that the third ground of defendants' demurrer be sustained, and that the first, second, fourth, and fifth grounds of said demurrer be overruled, with leave to plaintiffs, within twenty days from notice of the filing of

this order, to amend their complaint by making the eldest son or heirs of Stephen Pankey, the deceased trustee, parties, if they should be so advised.

Plaintiffs appealed upon the following exceptions :

I. There is error in holding that the eldest son or heir of Stephen Pankey is a necessary party in this case. II. There is error in holding that this is not a passive trust. III. There is error in holding that in this case the use was not executed. IV. There is error in holding that the estate was not vested in the *cestuis que trust*. V. There is error in assuming. that the deceased trustee left either son or heir, no such statement appearing on the face of the complaint. VI. There is error in ordering a party to be made on demurrer unless the name, residence, or some other designation be given to enable the plaintiff to make such party. VII. The *cestuis que trust* had an equitable title at least, and could have compelled the trustee, if living, to make a conveyance, and it was error to hold the contrary or require the intervention of his son or heirs.

*Messrs. Prince & Dargan*, for appellants.

*Messrs. Dudley & Newton, Townsend & Livingston, D. D. McCall*, contra.

July 22, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. One Lucy Covington, late of Marlboro County, died intestate in 1882. Previous to her death, to wit, in December, 1852, being the owner of a certain tract of land, containing 208 acres, and described in the complaint, she executed a deed by which she conveyed all of her right, title, and interest in said land to one Stephen Pankey, in trust that he would permit her to enjoy the land during her natural life without rendering rent or hire, and after her death that the said trustee would convey the same to her children then living or to the children of such as might be dead, in equal shares, such child or children taking the share which its parents would have taken had such parent survived Lucy. Lucy left surviving her the plain-

tiff, Harriet Huckabee, a daughter, and the numerous defendants named in the complaint as children and grandchildren. The deed to Pankey as trustee was duly recorded, but the trustee predeceased the said Lucy, and no other trustee has been substituted. Stephen Pankey, the trustee, was the father of Lucy, and the land was conveyed to him with certain personal property, his heirs and assigns forever, in trust, as stated. The land is in the possession of the defendant, William T. Newton, and his family. William T. Newton is the husband of Mary, the widow of a deceased son of the said Lucy.

It is claimed in the complaint that on the death of Lucy, an undivided estate in the land vested in the remaindermen mentioned in the trust deed, and the action seeks partition of said land between the plaintiff and the other remaindermen. The defendants, William T. Newton, his wife Mary, and Rebecca Wright, demurred to the complaint on five grounds—the first and second on the ground of defect of parties in the omission of certain persons therein named; the third on the ground that —— Pankey, the eldest son of Stephen Pankey, the deceased trustee, is not made a party; the fourth on the ground that the plaintiffs omit to state in their complaint whether they and the defendants have or own any other lands in common in the State of South Carolina besides the land described in the complaint; the fifth because the complaint does not state facts sufficient to constitute a cause of action.

His honor, Judge Witherspoon, who heard the cause, overruled all of the grounds except the third, which he sustained, holding that the eldest son of the trustee, or, if he be dead, the heirs of the trustee, should have been made parties; and he ordered that the plaintiffs have leave, within twenty days from notice of the filing of the order, to amend their complaint by making the eldest son or heirs of Stephen Pankey, the deceased trustee, parties, if they should be so advised. The plaintiffs have appealed on the ground that it was error on the part of the Circuit Judge to hold that the eldest son (or heirs) of Stephen Pankey was a necessary party in the case. This holding is alleged to be error for various reasons stated in the grounds of appeal, all of which will be considered in connection with the question as

to the necessity of making the eldest son of the trustee or the heirs of the trustee parties to the action. No exception has been taken by the defendants to the ruling of the Circuit Judge as to the other grounds in the demurrer, so that the only question before the court is that raised in the appeal of the plaintiffs above.

There can be no doubt that in contests over real estate where the fee is involved, that the holder of the legal title is a necessary party, otherwise the fee cannot be disposed of so as to be binding and effectual; and this applies as well to a trustee holding for the benefit of others as to parties holding for themselves. *Story Eq. Pl.*, § 207. And in cases where the fee is in a trustee and he be dead, if the estate be one of inheritance, the heirs or other proper representatives in the realty of the deceased should be made a party. *Ibid.*, § 211; *Leroy* v. *Charleston*, 20 *S. C.*, 77.

This is not denied by the appellants. It is contended, however, that by virtue of the statute the trusts under the deed in question were executed, and that thereby the legal title to the land in dispute vested in the *cestuis que trust* upon the death of Lucy, all of whom are before the court. The case turns upon the soundness of this position. Did the statute execute the trust? It is familiar law upon this subject, that a trust is never executed so long as there is anything to be done by the trustee in the proper discharge of his duties as said trustee; or, as was said in *Bristow* v. *McCall* (16 *S. C.*, 548), "where the trustee is charged with the performance of some duty in connection with the property, which cannot be performed except by the authority of the legal title vested in him, the statute has no application." In *McCaw* v. *Galbraith* (7 *Rich.*, 74), where one W. made a will in which he devised certain lands to one M. in trust, to have and hold for the use and benefit of a brother of the testator, if alive at his death, then residing in Ireland, the legal title to remain in the said M. until such time as the said brother, then an alien, should become qualified according to the act of Congress to take and hold real estate, and when he became so qualified, the said M. was directed to execute to the said brother a valid conveyance in fee of said lands, the court, in discussing the question whether

this use was executed by the statute, said: "Not only is there a declaration that the legal estate shall be vested in the trustee, but there is the requirement of an act to be done by him, the conveyance of the estate in fee, which necessarily supposes the fee in him."

In the case before the court there is the requirement of a similar act to be done by the trustee after the death of Lucy, the life-tenant. He is required to convey land to her children then living, or to the children of such as may be dead, in equal shares and proportions, the child or children of such deceased child or children representing his, her, or their father or mother, or fathers or mothers, and taking the share or shares which such father or mother, or fathers or mothers, would have taken had they survived. Trusts in favor of married women, or to preserve contingent remainders, are never executed. *Jenney* v. *Laurens*, 1 *Speer*, 365. Here the remainders were contingent, and it was necessary that the legal title should remain in the trustee until the contingency should happen, which was to determine who should take; which being determined, the trustee was directed to convey. This was an act to be done, and without which no title could pass. We do not think there was error in the Circuit Judge holding that this was not a passive trust, and that the use was not executed.

It is not necessary in a demurrer for defect of parties to give the names of those who should be joined. This, in many cases, would be utterly impossible. All that is necessary is to point out to the plaintiff the objection to his complaint in such manner as to enable him to amend by making proper parties. *Story Eq. Pl.*, 543.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.