7414

STEELE v. SMITH.

1. TRUST DEED—RULE IN SHELLEY'S CASE—STATUTE OF USES.—To a deed conveying a tract of land in trust for the use and benefit of my grandson, J., for and during his natural life and at his death to transfer the same to such persons as he may direct by will or in default of appointment to his heirs in fee, the rule in Shelley's case does not apply at the delivery of the deed and the statute does not execute the use, but if it should apply at the death of the life tenant and the statute should then execute the use the heirs of J. then became vested with the fee in remainder as a legal estate which had not previously coalesced with the extinct life estate and would take as purchasers from the grantor.

2. REHEARING refused.

Before GAGE, J., York, Janurary, 1909.    Affirmed.

Action by Susan A. Steele *et al.* against Alice Smith and Susan R. Smith.    From judgment for plaintiffs, defendants appeal.

*Messrs. Spencers & Dunlap* and *Wilson & Wilson,* for appellants. *Messrs. Spencers & Dunlap* cite: *Rule in Shelley's case applicable:* 2 Rich. Eq., 52; 1 Pres. on Ests., 263. *The two limitations here by the same instrument:* 1 Fearne, 79; 2 Wash., R. P., 598; Perry on Trusts, sec. 248; Hill on Trustees, 67. *The two limitations here of same quality:* 18 S. C., 189; 1 Speer L., 365; 1 Pres. Ests., 384; 2 Jarman on Wills, 245, 195, 150; Perry on Trusts, 369, 372, 308; 4 Kent., 219; 2 Fearne, 369a; 57 Md., 67; 48 S. C., 86; 3 Rich. L., 467; 3 S. C., 99; 5 S. C., 446; 8 Rich. Eq., 10; 42 S. C., 342; 39 S. C., 144; I Fearne, 28. *No new stock of inheritance created:* 4 Kent, 228; 2 Jarman, 182; 16 S. C., 294; 2 Wash. R. P., sec. 1614; 3 Rich. Eq., 193; 52 S. C., 562; 69 S. C., 294 *No element of executory trust to exempt it from rule in Shelley's case:* Hill on Trustees, 232, 235; 18 S. C., 190; 29 S. C., 135; 1 Hill, L. 267; 4 Rich. Eq., 475; 24 S. C., 313; 51 S. C., 280; 16 S. C., 548; 18 S. C., 189; 1 McC. Ch., 233; 42 S. C., 342; 16 S. C., 548; 1 Fearne, 123; Perry on Trusts, 357, 358; 8 Rich. Eq., 10; 17 S. C., 550; 2 Jarman, 186; 72 U. S., 577; 1 Pres. on Ests., 409, 382, 384; 1 Fearne, 51, 58; 8 Rich. Eq., 10; 39 S. C., 144; 17 S. C., 550. *Rule must be applied here. Trust is perfect:* Hill on Trustees, 328-331, 333; 2 Jarman, 190; 2 Fearne, 489; Adam's Eq., 79-81; 1 Pres. on Ests., 388; Tied. on R. P., sec. 495. *Limitations are perfect:* Perry on Trusts, sec. 392; 4 Kent., 219; 36 S. C., 366; 2 Rich. Eq., 49; 2 Jarman, 192; 1 Fearne, 141; 28 Ency., 912; 2 Pom. Eq., 1001. *Trust is executed with respect to the rule:* Perry on Trusts, Secs. 300, 357; 4 Kent., 228, 301, 305; Hill on Trustees, 63; 1 McC. Ch., 233. *This doctrine applies*

*to technical trusts generally:* Adams Eq., 79-81; 42 S. C., 342; 36 S. C., 366; 2 Pom. Eq. Jur., sec. 1001; 30 N. J., Eq., 689.

*Messrs. Finley & Jennings,* contra. *Mr. Jennings* cites: *What is the nature of the instrument under consideration?* 14 Rich. Eq., 275; 1 Rich., 164, 170; 24 S. C., 233; 14 Rich. Eq., 275. *Instrument speaks from delivery:* 9 Ency., 152; 1 Strob. Eq., 348; 3 McC. L., 275. *Statute may execute one use and not another:* 18. S. C., 184; 10 S. C., 376; 16 S. C., 142; 12 S. C., 564. *If statute executed use in John G. Steele, it gave him only legal life estate:* 78 S. C., 143; 18 S. C., 184; 15 S. C., 293; 4 Rich. Eq., 485; Perry on Trusts, sec. 312, Code 1902, 2580; 10 S. C., 387; Black Com., 169; 4 Kent., 206. *If remainders are contingent statute will not operate:* 78 S. C., 143. *Duty of trustee:* 78 S. C., 143; 2 Wash. on Real Prop., 1351, 1356; 28 Ency., 929-30. *Duties to be performed by trustee:* 29 S. C., 135; 23 S. C., 291; 7 Rich. L., 80; 23 S. C., 295. *A legal estate is here given:* 78 S. C., 152. *Does rule in Shelley's case apply?* 4 Strob., 208; 42 S. C., 342; 3 Strob. Eq., 66; 3 Rich. Eq., 156; 36 S. C., 38; 23 S. C., 46; 67 S. C., 130, 307; 25 S. C., 289; 28 S. C., 242; 2 Story Eq. Jur., Sec. 1065. *Construction of covenant to stand seized:* 4 Kent., 493; 70 Me., 529; 12 Ency., 890-1; 23 S. C., 46; 3 Rich. Eq., 516; 6 Rich. Eq., 26; 1 Strob. Eq., 344; 1 Rich. Eq., 141, 404; 1 Bay., 452; 35 S. C., 314; 22 S. C., 323; 16 S. C., 290; 28 S. C., 493; 52 S C., 654; 76 S. C., 484; 42 S. C., 342. *The two limitations are not given by same instrument:* 2 Story Eq. Jur., 1061, 1065b. *Rule in Shelley's case cannot apply because the trusts are executory:* 4 Kent., 219, 304; 1 Perry on Trusts, sec. 359; 2 Strob. Eq., 190; 8 Rich. Eq., 11. *Was the appointment executed?* 14 S. C., 535. *Deed of John G. Steele conveyed no greater interest than he had:* 4 Kent., 254-5, 330-1; 25 Story Eq. Jur., 1061a; 1 McC. Ch., 393; Chev. Eq., 33; 28 S. C.,

545; 5 Sug. on Pow., sec. 3; 28 S. C., 545; 1 Story Eq. Jur., sec. 173.

The opinion in this case was filed November 30, 1909, but remittitur held up on petition for rehearing until

January 8, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This appeal involves the construction of the deed executed November 16, 1860, in the presence of three witnesses by John Steele, Sr., to Joseph A. Steele, as trustee, conveying a tract of four hundred and ninety-four acres in York county. The deed recites that it is in consideration of love and affection for his sons and grandson named, and conveys to Joseph A. Steele, his heirs and assigns forever, with covenants of warranty, the land in question:

"In trust as to the one-half of said piece, parcel or tract of land, to stand seized and possessed of the same, for the use and benefit of my grandson, the above mentioned John G. Steele, for and during the term of his natural life; and at his death to transfer and convey the same to such person or persons as he, the said John G. Steele, may by his will direct, or in fault of such will and direction, to the heirs of his, the said John G. Steele, in fee.

"Provided, however, and the estate above mentioned is hereby given and conveyed, upon the express condition and understanding, that I am to have and continue in the use and enjoyment of said premises during my natural life; and upon the further condition that the said Joseph A. Steele and John G. Steele, each contributing equally, pay or cause to be paid to my son, James B. Steele, above mentioned, within a reasonable time after my death, the sum of one thousand six hundred and sixty-six, 66 2-3 100 dollars, with interest thereon from the date of my death."

It appears that the grantor, John Steele, Sr., died soon after the execution of the deed, and the grantee, Joseph A. Steele, trustee, did within a few years thereafter. John G. Steele, the grandson of the grantor, married the plaintiff, Susan A. Steele, January 4, 1866, and their firstborn child, plaintiff, John Atkinson Steele, was born December 17, 1866, and remaining plaintiffs are children of John G. and Susan A. Steele subsequently born. On August 3, 1868, John G. Steele conveyed to R. Paterson & Company lands embracing the land in controversy, and defendants are in possession claiming title by successive conveyances under John G. Steele. John G. Steele died intestate in 1905.

Plaintiffs claim that John G. Steele had only a life estate, and having died without executing the power of appointment by will, they are entitled to partition of the land (now in the exclusive possession of defendants) as heirs of John G. Steele, and remaindermen under the deed of John Steele, Sr. The Circuit Court sustained this contention. The defendants-appellants contend that under the rule in Shelley's case, John G. Steele had a fee simple estate in the land which they acquired.

The instrument is not a covenant to stand seized to use, as contended by respondent, as the fee *in presenti* is conveyed to grantee charged with the usufruct for life in favor of the grantor. *Crib* v. *Rogers,* 12 S. C., 564; *Ellen* v. *Ellen,* 16 S. C., 142.

It is in form and substance an ordinary deed conveying real estate in trust, and must be construed as such.

Preston's statement of the rule in Shelley's case as quoted in *Porter* v. *Doby,* 2 Rich. Equity, 52, is: "When a person takes an estate of freehold legally or equitably under a deed, will or other writing, and, in the same instrument there is a limitation by way of remainder either with or without the interposition of another estate, of an interest of the same legal or equitable quality, to his heirs , or heirs of his body, or a class of persons to take in succession from generation

to generation, the limitation to the heirs entitles the ancestor to the whole estate."

The case of *Porter v. Doby, supra,* shows that executory trusts are exempt from the operation of the rule in Shelley's case, and that the test of an executory trust is whether the trustee has some duty to perform, for the performance of which it is necessary that the title be regarded as abiding in him.    It is unnecessary to refer to the cases on the subject. A number of them are mentioned in *Reynolds* v. *Reynolds,* 61 S. C., 250, 39 S. E., 391.

Appellants concede that the rule does not apply to trusts which are strictly executory, as where the trust is imperfectly or defectively declared, or where some discretion is left with the trustee, but does apply where the trust is perfect and finally declared, and no room is left for the exercise of discretion by the trustee.    The argument to this point is keen and forceful, and there is some high authority for the view.    But we think it is clear that the trust in this case is such an executory trust as will prevent the application of the rule in Shelley's case.    In order to convey the fee to the appointee of the life tenant, it was essential to the performance of his duty that the trustee retain the title in fee until it was ascertained that there was default of such appointment at the termination of the life estate.    The trust was not a perfect trust, as it involves for its full execution the exercise or failure to exercise discretionary power of appointment by the life tenant.    True, the discretion was not directly left to the trustee, but it was left to another by which the trustee was to be guided in the event of its exercise. The discretionary power of the life tenant to designate a beneficiary of the trust by will necessarily affected the certainty and completeness of the trust, with respect to its beneficiaries.    Hence the case clearly falls within the definition of an executory trust in Perry on Trusts, sec. 359, relied upon by appellant as stating the correct principle:

"But in order that technical words may receive their legal signification, and in order that the rule in Shelley's case may be applied to limitations to equitable estates, the trusts must be *executed* and not *executory*. All trusts are *executory* in one sense of the word; that is, the trustee must have some duty, either active or passive, to perform, so that the statute of uses shall not execute the estate in the *cestui qui trust,* and leave nothing in the trustee. But such is not the meaning of the judges when they speak of *executed* trusts, and *executory* trusts. These words refer rather to the *manner and perfection* of their creation than to the action of the trustee in administering the property. Thus a trust created by a deed or will, so clear and certain in all its terms and limitations that a trustee has nothing to do but carry out all the provisions of the instrument according to its letter, is called an *executed* trust. In these trusts, technical words receive their legal meaning, and the rule applicable to legal estates govern the equitable estate thus created. On the other hand, an executory trust is where an estate is conveyed to a trustee upon trust, to be by him conveyed or settled upon other trusts in certain contingencies, or upon certain events, and these other trusts are imperfectly stated, or mere outlines of them are stated, to be afterwards drawn out in a formal manner, and are to be carried into effect according to the final form which the details and limitations shall take under direction thus given. They are called *executory,* not because the trust is to be performed in the future, but because the trust instrument itself is to be moulded into form and perfected according to the outlines or instructions made or left by the settlor or testator."

The trust in the case at bar would be executory with respect to the statute of uses. The test whether the trust is active or passive is, has the trustee any duty to do, the performance of which requires that the legal title shall remain in him. If so, the trust is active and executory under the statute; if not, it is passive and executed under the

statute. *Holmes* v. *Picket*, 51 S. C., 280, 29 S. E., 82. The duty of the trustee to convey to the appointee by the will of the life tenant required that the trustee hold the legal title at least until it was ascertained that there was default of appointment.

While there are authorities elsewhere that a simple direction to "convey" in a trust fully and plainly declared does not make the trust executory, the authorities in this State warrant the conclusion that the duty to "convey" in a case like this will prevent the execution of the trust in the remaindermen under the statute until after the death of the life tenant. *McCaw* v. *Calbraith,* 7 Rich., 80; *Huckabee* v. *Newton,* 23 S. C., 295; *Ayer* v. *Ritter,* 29 S. C., 136, 7 S. E., 53.

See also *Wilson* v. *Cheshire,* 1 McC. Ch., 233, and *Holmes* v. *Picket,* 51 S. C., 280, 29 S. E., 82, which recognize the duty to convey as an active duty requiring that the legal title shall remain in the trustee, at least for the performance of the duty to convey the fee upon the termination of the life estate. It may be conceded that the statute executed the use for life in the life tenant, and that the equitable estate of the life tenant was thereby immediately on the execution of deed transformed into a legal estate for life with general power of appointment by will, but it was necessary for the fee to remain in the trustee to execute the trust, dependent on the contingency of the life tenant designating the beneficiary by his will.

As the trust would be executory under the statute of uses we see no good reason for holding it not executory when considering the application of the rule in Shelley's case.

The case of *Cushing* v. *Blake,* 30 N. J. Eq., 639, cited by appellants, strongly supports their contention, but in New Jersey, as well as in some other jurisdictions, it is held that the duty of the trustee to convey is not sufficient to render the trust executory in the true sense, whereas, in this State such a duty is regarded as active and executory, and

the trend of our cases is to regard that which is executory
under the statute as executory when considering the appli-
cability of the rule in Shelley's case.

Further, in order for the rule in Shelley's case to apply the
estate for life, and the estate in remainder must be of the
same quality, both legal or equitable, or otherwise they can
not coalesce. Our cases show that the statute may execute
the use in either the life tenant for life, or the remainderman
in remainder, according as it may be determined whether
the trustee has any active duty to perform with respect to
either rendering it necessary that the life estate or the fee
should remain in the trustee. *Howard* v. *Henderson,* 18 S.
C., 184; *Young* v. *McNeill,* 78 S. C., 150, 59 S. E., 986;
*Breeden* v. *Moore,* 82 S. C., 539.

The trustee having no duty to perform with respect to the
life tenant in this case immediately on the execution of the
deed the equitable state of the life tenant becomes legal
by the "potential magic" of the statute, but it being neces-
sary for the trustee to retain the legal fee in remainder
during the lifetime of the life tenant to carry out the pur-
pose of the trust, the estate in remainder, not being exe-
cuted, remained executory and equitable, hence the rule in
Shelley's case could not apply when the deed was delivered
because of the difference in the quality of the two estates.
If we consider whether the rule should apply on the death
of the life tenant without exercising the power of appoint-
ment, and should hold that the statute then executed the use
in those who answered the description of the heirs at law of
John G. Steele, it would only follow that such heirs, then
became vested with the fee in remainder as a legal estate
which had not previously coalesced with the estate for life,
and could not then coalesce with an extinct estate. In such
case the intention of the settlor is not defeated by the rule,
but those answering the description of heirs of John G.
Steele at his death take, not by inheritance from the ances-

tor, but as purchasers under the grant of John G. Steele, Sr., in accordance with the manifest intention of the grantor.

The judgment of the Circuit Court is affirmed.

January 8, 1910. PER CURIAM. After careful consideration of the petition herein, the Court fails to discover wherein any material question of law or of act has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and the order staying the remittitur be revoked.